THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ERMA BEADORE, | § | No. 5-16-CV-224-DAE |
| | § | |
| Plaintiff, | § | |
| vs. | § | |
| | § | |
| CONN APPLIANCES, INC., | § | |
| | § | |
| Defendant. | § | |

ORDER: (1) ORDERING CASE TO ARBITRATION; AND
(2) GRANTING MOTION TO STAY PENDING ARBITRATION

Before the Court is a Joint Stipulation to Arbitrate and Motion to Stay Pending Arbitration, filed by Plaintiff Erma Beadore and Defendant Conn Appliances, Inc. ("Conn") (Dkt. # 7). For the reasons stated below, the Court **ORDERS** the case to arbitration, and **GRANTS** the Motion to Stay (Dkt. # 7.)

Plaintiff brought the instant suit after receiving phone calls from Defendant, alleging these calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (Dkt. # 1.) The instant notice and motion states that these phone calls were connected to a debt Plaintiff owed Defendant. (Dkt. # 7 ¶ 1.) Plaintiff purchased merchandise from Defendant, and memorialized the financing terms in a retail installment contract containing an arbitration provision covering all claims arising from Plaintiff's debt. (Id. ¶ 2.) The parties state in the instant

1

notice that the calls are covered by the arbitration provision of the retail installment contract, because they were connected to Defendant's attempt to collect on the debt.  (Id. ¶¶ 1–2.)

"In the Federal Arbitration Act, 9 U.S.C.A. §§ 1–14, Congress has expressed a strong policy favoring arbitration before litigation, and the courts are bound to take notice of this broad policy."  JS & H Constr. Co. v. Richmond Cty. Hosp. Auth., 473 F.2d 212, 214–15 (5th Cir. 1973).  Here, both parties stipulate that Plaintiff's claims are subject to binding arbitration, and this stipulation is consistent with the spirit and policy of the law.  Accordingly, the Court **ORDERS** the dispute to arbitration.

"Section 3 [of the Federal Arbitration Act] provides that when claims are properly referable to arbitration, that upon application of one of the parties, the court shall stay the trial of the action until the arbitration is complete."  Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) (citing 9 U.S.C. § 3).  Here, the parties jointly move the Court to impose a stay pending the completion of arbitration.  (Dkt. # 7.)  The case is accordingly **STAYED** pending notice to the Court regarding the status of arbitration.

Where a suit is stayed, an administrative closure is appropriate.  See Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004).  An administrative closure is "a postponement of proceedings," rather than "a

termination." S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V., 383 F.3d 297, 302 (5th Cir. 2004).  This case "may be reopened upon request of the parties or on the court's own motion" upon receipt of notice that mediation has been completed.  Mire, 389 F.3d at 167.

## CONCLUSION

The Clerk's office is **DIRECTED** to administratively close this case pending further order of the Court.  Though administratively closed, this case will remain on the docket of this Court and may be reopened upon request of any party or on the Court's own motion.  The parties are **REFERRED** to arbitration, and are **ORDERED** to file joint notice with the Court as to the status or outcome of such arbitration within ninety (90) days of the filing of this order.  At that time, the Court will consider whether the instant case should be reopened.

**IT IS SO ORDERED.**

**DATED:** June 15, 2016.  San Antonio, Texas.

David Alan Ezra
Senior United States Distict Judge

3